## MISSING LINK COAL CO. v. POSTAWA et al.

No. 19231.   Opinion Filed Oct. 8, 1929.

Jones & Randolph, for petitioner.

W. A. Barnett, Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

CLARK, J.   This is an original action filed in this court to review an award of the State Industrial Commission made and entered on the 23rd day of February, 1928, awarding the respondent 100 weeks' pay at the rate of $18 per week for an accidental personal injury resulting in a total permanent loss of the use of respondent's left eye.

The injury is admitted. It is also admitted that the respondent was engaged in an occupation covered by the provisions of the Compensation Law of Oklahoma.

Petitioner first contends that respondent was a member of a partnership carrying on mining operations at the time of the alleged

injury, under the trade name of "Missing Link Coal Company," and that said Missing Link Coal Company, a corporation, was not engaged in mining and was not the employer of said respondent. This is the most serious contention presented by petitioner. The evidence disclosed that a number of miners banded themselves together and leased a coal mine, that a charter was applied for and issued and the corporation was thereby created, namely "Missing Link Coal Company." It seems that the stock book was printed, the president, secretary, and treasurer were appointed or elected and it began operation of the mine. Each member of the corporation was issued one share of stock. The wages paid each worker was his proportionate share of the money earned by the corporation, less the expense of operation. The lease provided that the owner of the mine should give $2 per ton for all coal delivered on the cars. He paid every two weeks. The checks were made payable to "Missing Link Coal Company." The bookkeeper would figure up the expense and deduct it and each member of the corporation would then be paid the balance in proportion to the number of days he worked. The employees in and around the mine, except the bookkeeper, received the same amount from the proceeds of the coal mined and delivered.

It is the contention of the petitioner that this arrangement and agreement created a partnership, and that the respondent, being a member of the partnership, was not entitled to compensation. The evidence also discloses that one Mr. Wilson, president of the company, had authority to discharge any miner or employee. However, there is evidence of the fact that all members of the corporation met and approved or disapproved his acts. It is true that this corporation did not function or comply with all the law for the control and regulation of corporations. However, it is a de facto corporation, if not a de jure corporation, and in a proceeding of this kind would be estopped from denying its de facto existence. See Bates v. Wilson (Colo.) 24 Pac. 99.

In Mitchell v. Carter, 31 Okla. 592, 122 Pac. 691, at page 692 Pac., this court says:

"It is well settled that the corporate existence of a corporation de facto cannot be inquired into collaterally, but may be inquired into by direct proceedings on the part of the state."

The Missing Link Coal Company cannot deny its de facto or de jure existence under the facts in this case.

Other assignments of error carefully examined, and we find no merit to the same. It therefore follows that the award of the Industrial Commission be, and the same is, affirmed.

HUNT, RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON C. J., LESTER, V. C. J., and HEFNER, J., absent.

Note.—See under (1) 7 R. C. L. p. 106; R. C. L. Perm. Sup. p. 1917. See "Corporations," 14 C. J. §216, p. 204, n. 21; §223, p. 214, n. 92; §254, p. 235, n. 92.